The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, AR 71671
Dear Senator Scott:
This is in response to your request for an opinion concerning the conveyance of a strip of land in Ashley County to the Crossett Health Foundation. You state that Ashley County owns a tract of land in Ashley County upon which its county hospital board is building a new hospital. You then state that "Ashley County desires to convey a strip of land on the sides of the property to Crossett Health Foundation, an IRS approved 501(c)(3) Non-Profit Medical Care Provider." Your specific questions in this regard are as follows:
 1. Under A.C.A. § 14-16-107, can Ashley County legally convey the strip of land to Crossett Health Foundation, without competitive bidding, for value, and subject only to the approval of the county judge and a two-thirds vote of the quorum court?
 2. Would the conveyance meet the statutory `dedication' if it contains a reversionary clause in favor of Ashley County prohibiting use of any of such property for any purposes not directly relating to the delivery of medical care to the general public?
It is my opinion that the answer to your first question will depend upon whether the strip of land in question is "dedicated for the benefit of" the Crossett Health Foundation for purposes of § 14-16-107 (1987).[1] This Code section states:
 Whenever a portion of county lands are dedicated for the benefit of any lawfully incorporated, quasi-public, nonprofit, nonsectarian organizations including, but not limited to, medical clinics, that county real property may be sold to any buyer, upon the approval of the county judge and a two-thirds (2/3) vote of the quorum court of the county, without the necessity of soliciting for competitive bids.
Please note that I have enclosed a copy of Attorney General Opinion 92-022 which addresses this provision. As noted therein, "medical clinics" are included within the purview of §14-16-107. I thus assume that the Crossett Health Foundation, as a non-profit medical care provider, would be included within the statute. Your question thus likely turns, in my opinion, on the "dedication" question. Opinion 92-022 (copy enclosed) addresses the meaning of this term. It was concluded that the term is used in its common and ordinary sense as meaning "to set apart to a definite use." Id. at 3, citing Websters. Whether the property in this particular instance has been so dedicated raises a fact question which cannot be resolved in an opinion from this office. If such a dedication has not occurred, it seems clear that 14-16-107 will not apply. While it is unclear as a legal matter whether the property could now be dedicated to the Foundation and then sold under 14-16-107
without competitive bidding, such an interpretation is, in my opinion, plausible. Research has not, however, disclosed any helpful case law on that question.
It is my opinion, in response to your second question, that the inclusion of such a reversionary clause would not impact the fact of "dedication." Indeed, it may be consistent with the required dedication.
If the property is in fact "dedicated," I believe its sale is permitted under the procedures stated in § 14-16-107, i.e., approval of the county judge and two-thirds vote of the quorum court, with no competitive bids. Please note in this regard that I interpret § 14-16-107 as authorizing the sale of property which is "dedicated" prior to the sale. Thus, in my view, the conveyance to the Foundation is not, in itself, a "dedication." Rather, assuming the property has in fact been dedicated as envisioned under the statute, the sale procedure authorized therein may be followed. I believe § 14-16-107 envisions the continued dedication of the property for the benefit of the stated organization(s), and the reversionary clause in this instance would appear to be consistent therewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
Enclosure
[1] I assume that the property is not pledged to secure payment of any revenue bonds, necessitating the consent of the trustee and/or bondholders under the provisions of the trust indenture and surrounding documents.